# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DONEL BUCKMASTER,

                Plaintiff,

      v.                                        Case No. 05-C-0166

LESLIE A. WYMAN, *et al.*,

                Defendants.

---

## ORDER

---

      Leslie A. Wyman, Sharon Bauer, Robert Novotny, John Dietz, Donald Westley, and Kenneth Lang, the defendants in this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, have moved to vacate the court's Margin Order of April 21, 2005, which sealed plaintiff's certificate of interest. Plaintiff Donel Buckmaster opposes the motion. For the following reasons, defendants' motion will be granted.

      On February 14, 2005, plaintiff Donel Buckmaster filed this action "on his own behalf, and on behalf of all others [sic] similarly situated ex-employees of Service & Supply Corporation and participants in the Service & Supply Corporation Employee Stock Ownership Plan." (Compl.) Plaintiff is a participant in an employee stock ownership plan offered by Service & Supply Corp. He alleges that defendants, as ERISA fiduciaries, breached their duties by selling assets belonging to Service & Supply Corp. at less than their fair value. Plaintiff also alleges that defendants withheld information from him, preventing him from making informed decisions

concerning his investment in the plan. Plaintiff seeks equitable relief for the benefit of the plan as well as compensatory and punitive damages.

To enable the court to determine whether recusal is necessary or appropriate, General L.R. 83.9 requires an attorney to file, upon his or her first appearance in a case, a certificate of interest setting forth the name of every party the attorney represents in the case. Shortly after filing his complaint, plaintiff's counsel filed such a certificate, on which he provided not only plaintiff's name but also the names of seven other "clients represented in the above-captioned action." Simultaneously, plaintiff's counsel filed a motion to seal the certificate of interest. In an accompanying affidavit, counsel explained that the seven clients not named as plaintiffs[1] worked for Defendant Leslie Wyman, and that they feared retaliation were their involvement in the action disclosed. On April 21, 2005, the court by margin order granted plaintiff's motion to seal the certificate of interest. Subsequently, on October 25, 2005, defendants moved to vacate that order.

The court's authority to seal documents in a civil case derives from Fed. R. Civ. P. 26(c), which allows the court to enter protective orders "for good cause shown." The customary rule in all federal courts is that judicial records and documents filed by the parties are open to inspection by the public. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-599 (1978); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000). The court entered its Margin Order of April 21 (to which defendants had not filed a brief in opposition) without finding that good cause had been shown for its entry. If plaintiff wishes to keep that order in

---

[1]The parties have exhibited some confusion about who the plaintiffs in this action are. Fed. R. Civ. P. provides that "[i]n the complaint the title of the action shall include the names of all the parties[.]" Because Donel Buckmaster is the only plaintiff named in the complaint, he is the only plaintiff in this action.

place, he must make such a showing at this juncture.[2] *In re Bank One Securities Litigation*, 222 F.R.D. 582, 586 (N.D. Ill. 2004) ("The party seeking confidentiality has the burden of showing good cause for the protective order.").

Plaintiff makes two arguments as to why his certificate of interest should remain under seal. Plaintiff first asserts that "[i]n certain situations, such as this, the disclosure of the identity of the fee payer [i.e., plaintiff's counsel's clients] may reveal the substance of confidential communication and, thus, warrant protection under attorney-client privilege." (Resp. at 4.) While this may be true in certain situations, plaintiff does not explain why this is such a situation. Rather, he concedes that he "does not seek to protect the unnamed fee payers from defendant's discovery as to the facts or their opinions about this case." (*Id.*) Given that, it is difficult to see how their very identities could be protected by the attorney-client privilege.

Plaintiff also argues that the certificate of interest should remain under seal because the persons listed thereon (other than plaintiff) work for Defendant Wyman and fear retaliation should their involvement in this lawsuit be revealed. ERISA § 510, 29 U.S.C. § 1140, protects the persons identified on the certificate against retaliation for their participation in this case. There is no reason to believe that defendants would be so foolish as to expose themselves to a second lawsuit by violating this provision. In the event that they are, plaintiff's counsel's clients have an adequate legal remedy.

Plaintiff asks that the court allow him to withdraw his certificate of interest and file an amended one identifying only plaintiff should the court be inclined to vacate its Margin Order of

_____

[2]Because plaintiff bears the burden of showing good cause for entry of a protective order, his contention that defendants have not shown a need for his certificate of interest need not be addressed. It seems probable, however, that if the individuals identified on the certificate of interest were potential additional plaintiffs in this case, they have discoverable information or testimony.

April 21.  (Reply at 8.)  While plaintiff is free to file an amended certificate of interest, an item filed with the court and made part of the record cannot subsequently be withdrawn from the record.  *Cf.* General L.R. 79.4(d) ("If the motion [to seal documents] is denied, the documents must be filed by the clerk of court in an open file.").

   **IT IS THEREFORE ORDERED** that the court's Margin Order of April 21, 2005, is hereby **VACATED.**  The clerk of court shall unseal plaintiff's certificate of interest forthwith.

   Dated this 2nd day of December, 2005.


             s/ William C. Griesbach
             WILLIAM C. GRIESBACH
             United States District Judge